■ In the Matter of DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LAURA MILLS, Appellant, v JOHN EVANITSKY, Respondent.—Mikoll, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered November 30, 1989, which, in a proceeding pursuant to Family Court Act article 4, denied petitioner's objections to the amount of child support respondent was required to pay petitioner.

Respondent was determined to be the father of a child born out of wedlock. Petitioner sought to determine respondent's liability to reimburse it for costs of placement of the child in a mental health facility from August 27, 1987 through August 26, 1988 in the amount of $50,475.99. After hearings, a Hearing Examiner found that respondent had a gross income less Social Security taxes of $43,165.92 for 1987 and, under the Child Support Standards Act (L 1989, ch 567), was liable to contribute $4,280.62 for such care in 1987. The Hearing Examiner also held that respondent had a gross income less Social Security taxes of $17,905.68 for 1988 and was liable to contribute for that year's care $1,876.91, for a total of $6,157.53, to be paid at the rate of $100 per month. Petitioner's objections to this determination were denied and this appeal ensued.

Petitioner now contends that a reversal is required in that (1) the Hearing Examiner's findings as to respondent's income for the years 1987 and 1988 are without basis in the record, and (2) respondent's failure to provide accurate records tended to obscure his financial status, warranting an award based only on the needs of the child rather than on respondent's ability to pay. We disagree. The record, while leaving some-

thing to be desired, contains sufficient evidence to support the findings of the Hearing Examiner. Therefore, Family Court's order denying both the written objections to the Hearing Examiner's determination and petitioner's demand that respondent be required to pay one half of the costs of health facility treatment for the child should be affirmed.

Petitioner's claim that the record is so confusing, inconsistent and conflicting that it is impossible to ascertain respondent's true income is much diminished by the fact that petitioner was given the opportunity by the Hearing Examiner to reopen the hearing and to further examine respondent after receipt of his corporate tax return, but did not do so. Moreover, it does not appear that petitioner utilized the rules of discovery available to develop a more complete record. Finally, we cannot conclude, on the basis of the evidence presented, that the Hearing Examiner abused his discretion in failing to attribute or impute certain income from resources available to respondent (see, Family Ct Act § 413 [1] [b] [5] [iv]).

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.